**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0258-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OLUTONKUN EFUNNUGA,

    Defendant-Appellant.

_____

Submitted September 30, 2024—Decided October 8, 2024

Before Judges Sabatino and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 18-08-1848.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Jason Magid, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Olutonkun Efunnuga, who pled guilty to first-degree armed robbery in 2018, appeals the trial court's July 12, 2023 order denying his petition for postconviction relief ("PCR") without an evidentiary hearing. We affirm.

Defendant was charged in a three-count indictment with first-degree armed robbery, second-degree unlawful possession of a weapon, and second-degree possession of a weapon for an unlawful purpose. The charges arose out of an incident in which defendant presented a replica firearm to a bank teller and demanded money. Defendant faced a prison term of up to twenty years on the robbery count.

Through the efforts of his defense counsel, defendant entered into an agreement with the State in which he agreed to plead guilty to first-degree armed robbery. In exchange, the State agreed to recommend that defendant be sentenced as a second-degree offender and receive a custodial term not to exceed eight years, subject to an eighty-five percent parole disqualifier under the No Early Release Act, ("NERA"), N.J.S.A. 2C:43-7.2. The State also agreed as part of the deal to dismiss the other two counts of the indictment.

At the plea hearing on October 29, 2018, defendant agreed to the negotiated terms, with the customary recitals on the record, and signed the plea form. He clearly expressed to the court that he was pleading guilty to the

robbery offense voluntarily, that he understood the consequences of his plea, and that he was satisfied with the representation of his attorney.

On November 30, 2018, the court sentenced defendant to an eight-year NERA sentence, consistent with the plea agreement. At that hearing, the parties agreed that defendant was entitled to certain additional jail credits.

Defendant appealed, arguing to an excessive sentencing ("SOA") panel of this court that he was entitled to more additional jail credits while he was in federal custody. The SOA panel rejected that argument and affirmed defendant's sentence in an order dated September 23, 2020. Defendant then moved again in the trial court to increase his jail credits, which the court denied. Thereafter, defendant filed a second appeal, and we granted him partial relief, remanding the case to have the judgment reflect an additional two days of credits. State v. Efunnuga, A-2424-20 (App. Div. June 21, 2022).

In his PCR petition, defendant argued he was deprived of the effective assistance of his plea and appellate counsel. He claimed that he had been assaulted in jail by other inmates around the time of his plea and had been under duress. He contended he had submitted a pro se letter to the court before the date of sentencing, requesting that he be allowed to withdraw his guilty plea. Defendant argued his plea counsel should have known about his request, and

that counsel should have raised it with the court before he was sentenced. As part of his petition, defendant submitted what he purported to be a copy of his correspondence to the trial court bearing a "received" stamp. Defendant further argued his appellate counsel was likewise ineffective in not raising the withdrawal issue.

The PCR judge denied defendant's petition, setting forth her reasons in a detailed seven-page order dated July 12, 2023. The judge rejected defendant's contention that the court had received correspondence from him before the sentencing date. She took judicial notice that the court does not use the version of a stamp appearing on the document he tendered and that it lacked the customary notation of "Criminal Division" used by the court. The judge also noted a six-day difference between the date shown on the document and the date of the purported stamp.

In addition, the PCR judge found insufficient proof that defendant had asked his appellate counsel to raise the withdrawal issue, noting that defendant's focus had instead been on obtaining more jail credits. Aside from these deficiencies, the judge found that defendant had not shown a probability that a motion to withdraw his plea would have been successful under the factors set

A-0258-23

forth in State v. Slater, 198 N.J. 145 (2009). The judge discerned no need for an evidentiary hearing.

On appeal, defendant presents the following argument in his brief:

POINT I

THIS COURT SHOULD REVERSE THE LAW DIVISION'S DECISION TO DENY THE DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING ON THE ISSSUE OF WHETHER HIS PLEA COUNSEL WAS INEFFECTIVE FOR FAILING TO ASSIST THE DEFENDANT IN LITIGATING THE DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

Having considered this argument in light of the record and the applicable law, we affirm the trial court's denial of defendant's petition. The court expressed sound reasons for why defendant has not demonstrated the ineffectiveness of his or appellate counsel under the two-part test of Strickland v. Washington, 466 U.S. 668 (1984). The record lacks competent proof that plea counsel was aware of defendant's alleged desire to withdraw his plea before he was sentenced, and defendant said nothing about it when he appeared in court at the proceeding. Similarly, defendant's unsigned and self-serving certification does not establish his appellate counsel was made aware of the request, either.

Further, and more importantly, defendant has not shown the "actual prejudice" required under the second prong of Strickland. 466 U.S. at 687. We

5

concur with the PCR judge that his supposed motion to withdraw his plea would not likely have succeeded under the Slater factors. Defendant fails to show a colorable claim of innocence of the robbery. Slater, 198 N.J. at 158. Even if he had, the other Slater factors weigh against him. Among other things, his claim of duress is undermined by his contrary sworn statements to the court at his plea proceeding, including an explicit denial that "anyone [had] threatened or forced [him] to plead guilty." Withdrawal, particularly at this time—a decade after the 2014 robbery—would clearly prejudice the State in having to prove a stale case. Ibid.

Because defendant's petition failed to establish a prima facie case of ineffectiveness of counsel, the PCR judge did not abuse her discretion in denying an evidentiary hearing. State v. Preciose, 129 N.J. 451, 463 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0258-23